UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:_____

BROWARD COUNTY,

    Plaintiff,

v.

ISLAND CLUB ONE, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Broward County, sues Defendant, Island Club One, Inc., and alleges as follows:

### Nature of Action

1. This is a civil action brought by Broward County pursuant to the Fair Housing Act, as amended, 42 U.S.C. § 3601 *et seq.*, and the Broward County Human Rights Act, Section 16½ *et seq.*, Broward County Code of Ordinances, against Island Club One, Inc., due to its violations of the above specified provisions by unlawfully discriminating against Keith Tonks and Matthew Condon on the basis of disability.

### Jurisdiction and Venue

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 3612, and 28 U.S.C. § 1367.

3. Venue is proper in this District under 28 U.S.C. § 1391(b), in that Island Club resides, and the events giving rise to this action occurred, in this judicial district.

4. All conditions precedent to the filing of this action have been satisfied.

**Parties**

5. Plaintiff, Broward County, is a political subdivision of the state of Florida and a home rule charter county. The Broward County Human Rights Section ("the Section") is an agency of Broward County. The Section, through Broward County, has the authority to investigate complaints of discrimination brought under the Broward County Human Rights Act and, as a Fair Housing Assistance Program certified by the United States Department of Housing and Urban Development ("HUD"), any complaint of housing discrimination brought under the Fair Housing Act, 42 U.S.C. § 3601, *et seq*.

6. The Section, through Broward County, also has the authority to seek appropriate damages and injunctive or other equitable relief in a court of competent jurisdiction pursuant to the Fair Housing Act, 42 U.S.C. §§ 3613, 3616 and 24 C.F.R §§ 115.204-205.

7. Defendant, Island Club One, Inc. ("Island Club"), is a Florida not-for-profit corporation responsible for administering and governing its condominium complex pursuant to the documents establishing such corporation. Island Club also screens potential residents by way of interviews and background checks. The Island Club board members that participate in an applicant's interview are responsible for making the final decision to approve or deny the applicant. Island Club's principal place of business is at 777 South Federal Highway, 3rd Floor, Building F, Pompano Beach, Florida 33062.

8. The condominium units at Island Club are dwellings within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b), and Subsection 16½-3(u) of the Human Rights Act, and as such are subject to the anti-discrimination requirements thereof.

**General Allegations**

9.     Mr. Condon owns Unit H302 (the "Unit") within the Island Club dwelling complex located at 777 South Federal Highway, Pompano Beach, Florida 33062.

10.    Mr. Tonks, as a recovering alcoholic, suffers from a handicap that substantially limits one or more of his major life activities.[1]  At times throughout his addiction, he was unable to keep a steady job, maintain a home or family, or take care of himself.  During his recovery, he has had difficulties maintaining stable housing as a result of his disability.  Not only is there a record of Mr. Tonks' impairment as a recovering alcoholic, but Mr. Tonks has also been regarded as a recovering alcoholic by various individuals and medical professionals.

11.    Mr. Tonks' addiction is a chronic illness that will never be cured but from which he is nonetheless recovering.  Mr. Tonks' addiction recovery is a long-term problem, requiring permanent diligence to maintain his sobriety and avoid the constant cravings and accompanying dangers associated with his disability.  Therefore, Mr. Tonks belongs to a class of persons protected from unlawful housing discrimination by the Fair Housing Act and the Human Rights Act.

12.    In early 2016, Mr. Condon informed Elizabeth Papa, the president of Island Club at all times material, that he had found a tenant, Mr. Tonks, to lease the Unit.  Mr. Condon described Mr. Tonks to Ms. Papa as a friend that he had met in an alcoholics' anonymous program.  Mr. Condon further conveyed to Ms. Papa that Mr. Tonks was looking to move out of a halfway house, where he was living at the time.

---

[1]  Throughout the remainder of the Complaint, Mr. Tonks' condition will be referred to as a disability.

13. In response, Ms. Papa expressed her discontent to Mr. Condon, explaining that she had previously experienced issues with troublemaking individuals, like Mr. Tonks. Nonetheless, Ms. Papa told Mr. Condon to have Mr. Tonks submit an application to lease the Unit.

14. In March 2016, Mr. Tonks submitted a rental application to Island Club. As a component thereof, Island Club required Mr. Tonks to undergo a background screening conducted by Renters Reference of Florida, an independent investigative agency.

15. Upon completing the background screening, Renters Reference of Florida forwarded Mr. Tonks' background screening report to Island Club. In the residential verification section of Mr. Tonks' background screening report, Mr. Tonks' prior residence was listed as the New Beginnings Clean Living Sober House, specifically noting that "the applicant admitted himself into this facility for an alcohol addiction. He has been under their living care for sobriety since [July] 2014."

16. On April 14, 2016, Island Club denied Mr. Tonks' rental application.

17. To no avail, Mr. Tonks and Mr. Condon made multiple attempts to seek clarification on the basis of Island Club's denial of Mr. Tonks' rental application.

18. Upon returning from vacation, Mr. Condon approached James Malecki, the vice president of Island Club at all times material, in a final attempt to seek clarification on the basis of Island Club's denial of Mr. Tonks' rental application. Prior to any discussion, Mr. Malecki directed Mr. Condon to Andrew B. Black, Esq., counsel for Island Club at all times material, if the purpose of Mr. Condon's inquiry pertained to the "halfway house guy."

19. Mr. Tonks and Mr. Condon had previously executed a one-year, renewable residential lease that was scheduled to begin on May 5, 2016. As an express stipulation thereto, drug, alcohol, or tobacco use by Mr. Tonks was immediate grounds for eviction.

20. Because Mr. Tonks had already paid Mr. Condon for first and last months' rent, as well as an equivalent security deposit, he proceeded to occupy the Unit.

21. Subsequently, Ms. Papa became aware that Mr. Tonks was residing in the Unit and told Mr. Tonks that he was not supposed to be there.

22. As of result of Island Club denying his rental application and threatening his eviction from the Unit, Mr. Tonks was forced to move back into the New Beginnings Clean Living Sober House.

23. After receiving Mr. Tonks' complaint on August 11, 2016, later amended on November 2, 2017, to include Mr. Condon as an aggrieved party, the Section investigated the allegations of housing discrimination and found reasonable cause to believe that Island Club had engaged in a discriminatory housing practice by denying housing to a member of a protected class that was qualified, willing, and able to lease the Unit.

24. Specifically, the Section found that Island Club was both aware of Mr. Tonks' disability and had previously approved similar situated applicants, outside of Mr. Tonks' protected class, to reside within its dwelling complex.

25. Conciliation efforts between the parties was attempted on February 6, 2018, and later failed that same day.

26. On April 5, 2018, Island Club exercised its right to elect to have this dispute resolved in a court of competent jurisdiction, instead of before the Broward County Human Rights Board.

**Count I – Violation of 42 U.S.C. Subsection 3604(f)(1)**

27. The Section re-alleges and incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

5

28. Island Club denied Mr. Tonks' rental application because of his disability.

29. At all times material, Island Club was aware of Mr. Tonks' disability.

30. At all times material, Island Club regarded Mr. Tonks as disabled because of the constant cravings and accompanying dangers associated with his disability.

31. At all times material, Ms. Papa and Don Harris, another board member of Island Club, participated in applicant interviews on behalf of Island Club.

32. Island Club did not interview Mr. Tonks.

33. At all times material, Island Club did not require applicants to have a minimum credit score in order to be approved for residency.

34. At all times material, Island Club was in possession of the executed lease between Mr. Tonks and Mr. Condon.

35. Island Club, through its conduct and actions described above, violated 42 U.S.C. Subsections 3604(f)(1) by refusing to allow Mr. Tonks to lease the Unit due to his disability.

36. As a result of the conduct and actions of Island Club, Mr. Tonks and Mr. Condon have suffered damages and are aggrieved persons within the meaning of 42 U.S.C. Subsection 3602(i).

37. The discriminatory conduct or actions of Island Club were intentional, willful, and/or taken in disregard for the rights of Mr. Tonks and Mr. Condon.

WHEREFORE, the County, respectfully requests that this Court enter an order that:

(a) Declares that the discriminatory housing practices of Island Club, as set forth above, violate the Fair Housing Act;

(b) Awards to Mr. Tonks such damages as would fully compensate him for any injuries caused by Island Club's denial of housing because of his disability, including but not limited to

out-of-pocket expenses or losses and compensatory damages such as mental distress, humiliation, embarrassment, and emotional distress;

(c) Awards to Mr. Condon such damages as would fully compensate him for any injuries caused by Island Club's refusal to allow him to offer housing to Mr. Tonks because of Mr. Tonks' disability, including but not limited to out-of-pocket expenses or losses and compensatory damages such as mental distress, humiliation, embarrassment, and emotional distress.

(d) Awards the County its reasonable attorney's fees and costs incurred in bringing this action;

(e) Assesses a civil penalty against Island Club in the amount authorized in 42 U.S.C § 3612(g)(3) and 42 U.S.C. § 3614(d)(1)(C) of the Fair Housing Act, in order to vindicate the public interest; and

(f) Grants such other relief as justice may require.

### Count II – Violation of 42 U.S.C. Subsection 3604(f)(2)

38. The Section re-alleges and incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

39. Island Club denied Mr. Tonks' rental application because of his disability.

40. At all times material, Island Club was aware of Mr. Tonks' disability.

41. At all times material, Island Club was aware of Mr. Tonks' disability.

42. At all times material, Island Club regarded Mr. Tonks as disabled because of the constant cravings and accompanying dangers associated with his disability.

43. At all times material, Ms. Papa and Mr. Harris participated in applicant interviews on behalf of Island Club.

44. Island Club did not interview Mr. Tonks.

45. At all times material, Island Club did not require applicants to have a minimum credit score in order to be approved for residency.

46. At all times material, Island Club was in possession of the executed lease between Mr. Tonks and Mr. Condon.

47. Island Club did not permit Mr. Condon to rent his dwelling to Mr. Tonks.

48. Island Club, through its conduct and actions described above, violated 42 U.S.C. § 3604(f)(2) by refusing to allow Mr. Condon to lease the Unit to Mr. Tonks due to Mr. Tonks' disability.

49. As a result of the conduct and actions of Island Club, Mr. Tonks and Mr. Condon have suffered damages and are aggrieved persons within the meaning of 42 U.S.C. § 3602(i).

50. The discriminatory conduct or actions of Island Club were intentional, willful, and/or taken in disregard for the rights of Mr. Tonks and Mr. Condon.

WHEREFORE, the County, respectfully requests that this Court enter an order that:

(a) Declares that the discriminatory housing practices of Island Club, as set forth above, violate the Fair Housing Act;

(b) Awards to Mr. Tonks such damages as would fully compensate him for any injuries caused by Island Club's denial of housing because of his disability, including but not limited to out-of-pocket expenses or losses and compensatory damages such as mental distress, humiliation, embarrassment, and emotional distress;

(c) Awards to Mr. Condon such damages as would fully compensate him for any injuries caused by Island Club's refusal to allow him to offer housing to Mr. Tonks because of Mr. Tonks' disability, including but not limited to out-of-pocket expenses or losses and compensatory damages such as mental distress, humiliation, embarrassment, and emotional distress.

(d) Awards the County its reasonable attorney's fees and costs incurred in bringing this action;

(e) Assesses a civil penalty against Pasadena Gardens in the amount authorized in 42 U.S.C § 3612(g)(3) and 42 U.S.C. § 3614(d)(1)(C) of the Fair Housing Act, in order to vindicate the public interest; and

(f) Grants such other relief as justice may require.

### Count III – Violation of Subsection 16½-35(f) of the Human Rights Act

51. The Section re-alleges and incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

52. Island Club denied Mr. Tonks' rental application because of his disability.

53. At all times material, Island Club was aware of Mr. Tonks' disability.

54. At all times material, Island Club regarded Mr. Tonks as disabled because of the constant cravings and accompanying dangers associated with his disability.

55. At all times material, Ms. Papa and Mr. Harris participated in applicant interviews on behalf of Island Club.

56. Island Club did not interview Mr. Tonks.

57. At all times material, Island Club did not require applicants to have a minimum credit score in order to be approved for residency.

58. At all times material, Island Club was in possession of the executed lease between Mr. Tonks and Mr. Condon.

59. Island Club, through its conduct and actions described above, violated Subsection 16½-35(f) of the Human Rights Act by refusing to allow Mr. Tonks to lease the Unit due to his disability.

60. As a result of the conduct and actions of Island Club, Mr. Tonks and Mr. Condon

have suffered damages and are aggrieved persons within the meaning of Subsection 16½-3(b) of the Human Rights Act.

61. The discriminatory conduct or actions of Island Club were intentional, willful, and/or taken in disregard for the rights of Mr. Tonks and Mr. Condon.

WHEREFORE, the County respectfully requests that this Court enter an order that:

(a) Declares that the discriminatory housing practices of Island Club, as set forth above, violate the Human Rights Act;

(b) Awards to Mr. Tonks such damages as would fully compensate him for any injuries caused by Island Club's denial of housing because of his disability;

(c) Awards to Mr. Condon such damages as would fully compensate him for any injuries caused by Island Club's refusal to allow him to offer housing to Mr. Tonks because of Mr. Tonks' disability.

(d) Awards the County its reasonable attorney's fees and costs incurred in bringing this action;

(e) Assesses a civil penalty against Island Club in the amount authorized in Subsection 16½-50(c) of the Broward County Human Rights Act, in order to vindicate the public interest; and

(f) Grants such other relief as justice may require.

### Count IV – Violation of Subsection 16½-35(g) of the Human Rights Act

62. The Section re-alleges and incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

63. Island Club denied Mr. Tonks' rental application because of his disability.

64. At all times material, Island Club was aware of Mr. Tonks' disability.

65. At all times material, Island Club regarded Mr. Tonks as disabled because of the constant cravings and accompanying dangers associated with his disability.

66. At all times material, Ms. Papa and Don Harris, another board member of Island Club, participated in applicant interviews on behalf of Island Club.

67. Island Club did not interview Mr. Tonks.

68. At all times material, Island Club did not require applicants to have a minimum credit score in order to be approved for residency.

69. At all times material, Island Club was in possession of the executed lease between Mr. Tonks and Mr. Condon.

70. Island Club did not permit Mr. Condon to rent his dwelling to Mr. Tonks.

71. Island Club, through its conduct and actions described above, violated Subsection 16½-35(g) of the Human Rights Act by refusing to allow Mr. Condon to lease the Unit to Mr. Tonks due to Mr. Tonks' disability.

72. As a result of the conduct and actions of Island Club, Mr. Tonks and Mr. Condon have suffered damages and are aggrieved persons within the meaning of Subsection 16½-3(b) of the Human Rights Act.

73. The discriminatory conduct or actions of Island Club were intentional, willful, and/or taken in disregard for the rights of Mr. Tonks and Mr. Condon.

WHEREFORE, the County respectfully requests that this Court enter an order that:

(a)  Declares that the discriminatory housing practices of Island Club, as set forth above, violate the Human Rights Act;

(b)  Awards to Mr. Tonks such damages as would fully compensate him for any injuries caused by Island Club's denial of housing because of his disability;

(c)     Awards to Mr. Condon such damages as would fully compensate him for any injuries caused by Island Club's refusal to allow him to offer housing to Mr. Tonks because of Mr. Tonks' disability.

(d)     Awards the County its reasonable attorney's fees and costs incurred in bringing this action;

(e)     Assesses a civil penalty against Island Club in the amount authorized in Subsection 16½-50(c) of the Broward County Human Rights Act, in order to vindicate the public interest; and

(f)     Grants such other relief as justice may require.

## Jury Demand

Pursuant to Fed. R. Civ. P. 38, Plaintiff, the County, hereby demands trial by jury on all issues.

Dated: April 25, 2018.

Respectfully submitted;

Andrew J. Meyers
County Attorney for Broward County
115 South Andrews Avenue, Suite 423
Fort Lauderdale, Florida 33301
Telephone: (954) 357-7600
Facsimile: (954) 357-7641

By:     /s/ *Anthony C. Halmon*
Anthony C. Halmon
Assistant County Attorney
Florida Bar No.: 118240
ahalmon@broward.org

Adam Katzman
Assistant County Attorney
Florida Bar No.: 652431
akatzman@broward.org